**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4593**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

VICTOR STEWART ELLERBEE,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:07-cr-00326-D-1)

Submitted:  October 23, 2008          Decided:  November 14, 2008

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Stewart Ellerbee appeals from his 228-month sentence after pleading guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2000). On appeal, Ellerbee contends the district court erred in designating him as a career offender and that he received ineffective assistance of counsel.[1] In response, the Government has filed a motion to dismiss Ellerbee's appeal, asserting that pursuant to the appellate waiver contained in his plea agreement, there is no basis to challenge the sentence imposed. The Government also contends there is no evidence in the record indicating that Ellerbee's attorney provided ineffective assistance.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990) (waiver upheld as voluntarily and intelligently made). Whether a defendant has waived his right to appeal is an issue of law subject to de novo review. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver will preclude appeal of a specific issue if the record establishes that the waiver is

---

[1]Ellerbee has also filed a pro se supplemental brief in which he claims his trial attorney committed fraud and asks this court to review his sentence.

valid and that the issue is within the scope of that waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994).

Ellerbee contends that his criminal history did not justify designation as a career offender, as two of his prior offenses should not have been considered separately under U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2007). However, this claim is squarely within the scope of the appellate waiver, as Ellerbee waived his right to appeal his sentence, "including any issues that relate to the establishment of the advisory Guideline range." See United States v. Blick, 408 F.3d 162, 172-73 (4th Cir. 2005). While Ellerbee reserved the right to appeal a sentence imposed in excess of the established Guidelines range, his sentence of 228 months was within the Guidelines range of 188 to 235 months. Accordingly, Ellerbee's claim is barred by the appellate waiver.

Ellerbee also contends that he received ineffective assistance of counsel. Ellerbee asserts that he would not have entered into his plea agreement had he known that he could have been classified as a career offender, as his trial attorney allegedly failed to discuss this matter with him and led him to believe that he would receive a sentence between 70 and 87 months. According to the terms of the plea agreement, claims of ineffective assistance of counsel are not barred by the appellate waiver. However, these claims should be raised in a

3

28 U.S.C. § 2255 (2000) motion rather than on direct appeal unless the record conclusively demonstrates ineffective assistance. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Such a claim cannot be fairly adjudicated on direct appeal when the appellant has not raised the issue before the district court and there is no statement from counsel on the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the existing record fails to conclusively support Ellerbee's assertions that counsel provided ineffective assistance, any such claim must be raised as part of a § 2255 motion rather than on direct appeal.[2]

Accordingly, we grant the Government's motion to dismiss as to Ellerbee's sentencing claims. As for Ellerbee's claims that he received ineffective assistance of counsel, we deny the Government's motion to dismiss as to those claims, but nonetheless affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are

---

[2]Ellerbee also asks this court to issue a "new rule" that appeal waivers do not serve the interests of justice and are not enforceable. However, we have consistently upheld the enforceability of appellate waivers. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (citation omitted).

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u><br>
<u>AFFIRMED IN PART</u>